**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ROSS LEVAY,

     *Plaintiff*,

v.

                               CASE NO. 1:20-cv-13146
                               DISTRICT JUDGE THOMAS L. LUDINGTON
                               MAGISTRATE JUDGE PATRICIA T. MORRIS

DAVID MORKEN,
BANDWITH.COM CLEC, LLC,
and BANDWIDTH, INC.,

     *Defendants*.

_____/

## REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS COMPLAINT UNDER 28 U.S.C. § 1915

**I.**      **Recommendation**

*Pro se* Plaintiff Ross Levay filed the instant complaint on November 29, 2020. (ECF No. 1.) He proceeds *in forma pauperis*, subjecting his complaint to screening under 28 U.S.C. § 1915. (ECF No. 14.) This is not the first time Levay has made the present claims against these same Defendants; they also appeared, and were dismissed from, a case previously pending before this Court. (*Levay v. Morken et al,* Case No. 20-12921.) Because the present claims are duplicative of those dismissed in the early-filed action they are barred by *res judicata*. His current allegations fail to state claims entitling him to relief. Consequently, I **RECOMMEND** that the case be **DISMISSED**.

II.   **Report**

A.   **Factual and Procedural Background**

Levay's complaint reiterates the same complaints about Defendants, again without clear factual allegations as to how Defendants' actions affected or even pertain to this Plaintiff. Instead, this complaint, like the previous complaint in 20-12921, charges Defendants with violations of 18 U.S.C. §§ 2522 (Communications Assistance for Law Enforcement Act (CALEA)), 2261A (stalking), 875 (Interstate Communication Threats), 42 U.S.C. §1983, and Mich. Comp. Laws § 750.540e (Malicious Use of Service). Plaintiff also alleges other state law claims of negligence per se, intentional and negligent infliction of emotional distress, concealment. (ECF No. 1, PageID.10.)

Plaintiff's prior complaint in 20-12921 was dismissed for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim because the four statutes cited in that case and this case were all criminal statutes, 18 U.S.C. §§ 2522 (Communications Assistance for Law Enforcement Act (CALEA)), 2261A (stalking), 875 (Interstate Communication Threats), 42 U.S.C. §1983, and Mich. Comp. Laws § 750.540e (Malicious Use of Service). The Court explained that it "was not aware of any right granted to an ordinary citizen (as opposed to state or federal prosecutors) to pursue these four criminal statutes." *Levay*, 20-12921, ECF No. 6, PageID.19.

B.   **Legal Standards**

Plaintiff is proceeding IFP, subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. See *Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016). That power,

presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to sua sponte review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Sixth Circuit has upheld *sua sponte* dismissals of claims as frivolous under § 1915(e) when those claims were barred by *res judicata*. *See Hill v. Elting*, 9 F. App'x 321, 321 (6th Cir. 2001) ("The § 1915(e) dismissals of Hill's two earlier IFP complaints have res judicata effect and establish that Hill's third IFP complaint is frivolous for purposes of § 1915(e)."). Alternatively, this District has dismissed claims under § 1915(e) for failure to state a claim when *res judicata* precluded the claims. *See Molman v. Deutsche Bank Nat'l Trust Co.*, 2017 WL 67459, at *2 (E.D. Mich. Jan. 6, 2017) ("When a complaint is barred by *res judicata*, it lacks an arguable basis either in law or in fact. . . . Accordingly, *res judicata* is cause for dismissal based on failure to state a claim pursuant to 20 U.S.C. § 1915(e).").

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### C. Application

To the extent that Plaintiff's present contentions concerning discrimination merely duplicate the dismissed claims from the earlier case, they are barred by *res judicata*, which represents "a rule of fundamental and substantial justice" seeking to provide a clear and binding end to litigation. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (*quoting Hart Steel Co. v. R.R. Supply Co.*, 244 U.S. 294, 299 (1917)). It encompasses two related concepts: true *res judicata*, or claim preclusion, and collateral estoppel, also called issue preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984); *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 745 n. 4 (6th Cir.2002). Put simply, the difference between the two is that "[t]he former precludes entire claims, the latter relitigation of specific issues." *Miller v. Runyon*, 77 F.3d 189, 194 (7th Cir.1996). When a federal court made the prior judgment, federal law determines the judgment's preclusive effect. *Blonder–Tongue Laboratories, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n. 12 (1971); *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.1996).

Once a court renders a valid and final judgment on an action, claim preclusion bars the parties from later relitigating any claims that were actually litigated or that could have been raised in the earlier action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *J.Z.G.*

- 4 -

*Resources*, 84 F.3d at 214; 18 Wright & Miller, *Federal Practice and Procedure* § 4407

(3d ed. 1998). It applies if four elements are met:

> (1) where the prior decision was a final decision on the merits; (2) where the present action is between the same parties or their privies as those to the prior action; (3) where the claim in a present action should have been litigated in the prior action; and (4) where an identity exists between the prior and present actions.

*Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). The first element can be satisfied

by numerous types of case resolutions; relevant here, *sua sponte* dismissal under 28 U.S.C.

§ 1915(e) constitutes a final decision on the merits. *See Hill*, 9 F. App'x at 321.

Plaintiff's present claims meet all four elements. First, the prior *sua sponte* dismissal

of the claims for lack of jurisdiction and failure to state a claim represents a final decision

on the merits. *See Hill*, 9 F. App'x at 321; *Molman*, 2017 WL 67459, at *2. Second, the

cases involve the same plaintiff and the same three defendants.

Third, Plaintiff raised or should have raised these claims in the first action. The

claims against these Defendants are the same. Plaintiff's new reference to 42 U.S.C. §1983,

without any further explanation as to what constitutional right was violated, who violated

any constitutional right or even what precisely happened, does not change the nature of the

suit and if such a claim exists, it should have been raised in the previous lawsuit.

Therefore, since the instant complaint involves the same series of complaints against

the same Defendants, I suggest the instant complaint is barred by *res judicata*. *See*

*generally Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir.1978) ("Where two

successive suits seek recovery for the same injury, a judgment on the merits operates as a

bar to the later suit.").

Although Plaintiff has added several common law state claims to the instant complaint, e.g., negligence and emotional distress, I further find that the Court should not exercise supplemental jurisdiction over any state law claims. When a court properly retains original jurisdiction over a civil action, it "shall have supplemental jurisdiction over all other claims . . . so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts may, however, "decline to exercise supplemental jurisdiction" over a claim if: (1) it "raises a novel or complex issue of State law"; (2) it "substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) the court "has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c)(1)-(4).

In enacting § 1367, Congress gave solider form to supplemental jurisdiction's progenitor, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966), which held, among other things, that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Id.* at 726. This principle retained favor in the Sixth Circuit, which routinely held that where, as here, "all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical*, 89 F.3d at 1254-55; *accord Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011). Indeed, in *Musson Theatrical*, the Sixth Circuit indicated that "a 12(b)(6) dismissal of the touchstone claims" will typically preclude "exercise of supplemental jurisdiction over any remaining claims" absent "unusual circumstances,"

such as anticipated prejudice in the state courts. 89 F.3d at 1255 (quoting *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 318 (6th Cir. 1987)). No such unusual circumstances exist here, thus, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

### D.     Conclusion

For the reasons above, I **RECOMMEND DISMISSING** the complaint.

## III.     REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which

- 8 -

it pertains. Not later than 14 days after service of an objection, the opposing party may file

a concise response proportionate to the objections in length and complexity. Fed. R. Civ.

P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue

raised in the objections, in the same order, and labeled as "Response to Objection No. 1,"

"Response to Objection No. 2," etc. If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Date:  January 7, 2021                                       S/ PATRICIA T. MORRIS
                                                             Patricia T. Morris
                                                             United States Magistrate Judge