UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROSS LEVAY,

    Plaintiff,

v.

DAVID MORKEN, et al.,

    Defendants.

_____/

Case No. 20-CV-13146
Honorable Thomas L. Ludington

**ORDER DENYING PLAINTIFF'S OBJECTIONS, DENYING PLAINTIFF'S SECOND MOTION FOR EXTENSION, ADOPTING MAGISTRATE JUDGE MORRIS' REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFF'S COMPLAINT**

On November 29, 2020, Plaintiff filed a complaint against Defendants. ECF No. 1. He applied for and was granted IFP status. ECF Nos. 2, 6. On January 7, 2021 Magistrate Judge Morris entered a report recommending Plaintiff's Complaint be summarily dismissed. ECF No. 7. Plaintiff had 14 days to object. *Id.*

**I.**

On January 9, 2021, Plaintiff filed a motion requesting "up to 45 days to file objections to Magistrate's Report and Recommendation." ECF No. 8 at PageID.35. He explained that

> 14 days would be appropriate under normal circumstances for an experienced full time attorney. But as a Pro Se & IFP litigant, I do have professional duties and obligations I have to handle in addition to presenting the case as best as able under those circumstances. Otherwise, I'm forced to choose between my personal professional obligations and formulating a well reasoned and sufficiently supported response to address all Magistrate's concerns.

*Id.* (sic throughout).

Accordingly, he was granted 21 days to respond to the Magistrate Judge's Report and Recommendation. ECF No. 9. On January 25, 2021, he filed a second motion to extend seeking to

extend the objection deadline to March 31, 2021. ECF No. 10. He also states that there are "several factual errors" within the Report and Recommendation and argues that they "warrants investigation to discern cause, whether: 1. misstatements of chronology of procedure and facts of case, used to form bad faith legal arguments, are intentional or negligent; 2. and if intentional, whether formed by prejudice, or, 3. constitute malice for malice's sake." *Id.* (sic throughout). Three days after filing his Motion for a Second Extension, he filed objections to the Report and Recommendation. ECF No. 11.

Plaintiff was already granted an extra week to respond to the Magistrate Judge's Report and Recommendation, and he timely filed 12 pages with 21 objections. ECF No. 11. As such, Plaintiff's Motion for Time Extension, ECF No. 10, will be denied as moot.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those

portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

Plaintiff articulates 21 objections to the Magistrate Judge's Report and Recommendation. ECF No. 11. They will be denied, as discussed below.

First, Plaintiff objects to his Complaint being screened under 28 U.S.C. § 1915. *Id.* at PageID.61. He argues "Magistrate's screening far exceeds, by questionable methodology as outlined in these Objections, any reasonable requirements or standard conferred." *Id.* In support, he states that he has "little to no formal legal education or experience . . . to analyze or weigh the degree to which Magistrate exceeds reasonable screening standards." *Id.* He also expresses frustration that this Court refused to grant him more than 21 days to respond to the Report and Recommendation, which he claims deprives him of his due process rights. *Id.* Plaintiff does not cite any case law or provide any explanation, besides his lack of formal legal training, to support his assertion that Magistrate Judge Morris exceeded her authority in dismissing his Complaint under 28 U.S.C. § 1915.

Plaintiff sought to proceed in forma pauperis, without pre-paying fees or costs. ECF No. 2. Federal law provides that lawsuits filed by individuals proceeding in forma pauperis are subject to sua sponte dismissal if the court determines the complaint is frivolous, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915 (e). Magistrate Judge Morris explained that some of Plaintiff's claims are barred by res judicata because Judge Michelson already adjudicated them in *LeVay v. Morken*, No. 20-12921 (E.D. Mich.). ECF No. 7. She also recommended this Court decline supplemental jurisdiction over the state law claims. *Id.* Plaintiff failed to articulate a reason why the Magistrate Judge exceeded her authority. Plaintiff's first objection will be overruled.

In Plaintiff's second objection, he argues that the statement "This is not the first time Levay has made the present claims against these same Defendants; they also appeared, and were dismissed from, a case previously pending before this Court" is false. ECF No. 11 at PageID.62. Plaintiff argues, "Whereas the **Original Complaint alleges no civil causes of action**, as seemingly directed by the Instant Complaint form, serving as basis for its DISMISSAL WITHOUT PREJUDICE and GRANTING LEAVE TO AMEND COMPLAINT, the **Amended Complaint alleges six civil causes of action**. In other words, civil causes of action constitute 'present claims,' and were never before stated." *Id.* (emphasis in original).

In *LeVay*, *supra*, Plaintiff's original case, Plaintiff included no causes of action in his original complaint. ECF No. 1 in No. 20-12921. However, Plaintiff amended his complaint and added four criminal causes of action: 18 U.S.C. § 2522 (violations of Communications Assistance for Law Enforcement Act), 18 U.S.C. § 2261A (stalking), 18 U.S.C. § 875 (interstate communication threat), and MCL § 750.540e (malicious use of telecommunications device). ECF No. 5 in No. 20-12921. Plaintiff's Complaint in the instant case alleges that Defendants violated

the same four laws, 18 U.S.C. § 2522 (violations of Communications Assistance for Law Enforcement Act), 18 U.S.C. § 2261A (stalking), 18 U.S.C. §875 (interstate communication threats) and MCL § 750.540e (malicious use of telecommunications device. ECF No. 1-1 at PageID.10–11. Judge Michelson found that this Court lacks subject matter jurisdiction over the claims because they are criminal statutes and "this is a civil lawsuit." ECF No. 6 at PageID.19 in No. 20-12921. Magistrate Judge Morris recommended that all four alleged violations in the instant Complaint be denied because of claim preclusion.[1] All four claims were adjudicated by Judge Michelson. To the extent that Plaintiff objects to Magistrate Judge Morris' determination that any of the above listed claims are not new claims, Plaintiff's objection is overruled.

It appears Plaintiff added a new, but related, civil cause of action in the current Complaint, 18 U.S.C. § 2520. At least one circuit has held there is a private cause of action under § 2520. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 167 (3rd Cir. 2005) ("The plain language of § 2511(1)(a) and § 2520(a) compels us to conclude that private parties can bring a cause of action for damages and injunctive relief where aggrieved by a defendant's violation of § 2511(1)(a)."); *see also DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002). Therefore, Plaintiff is correct that he included a new federal civil claim in current Complaint. However, Plaintiff's claim under §2520 will be denied due to claim preclusion[2] or alternatively, for failure to state a claim.[3]

---

[1] See discussion on claim preclusion below.
[2] See discussion on claim preclusion below.
[3] In his Complaint, Plaintiff states, "Defendants, as responsible party for CALEA compliance, misdirected legal service to a non- responsible party, an act that breached duty under CALEA. Under Ch 119 § 2520, pursuant intentional noncompliance with LEA investigation and order for electronic communications, the affirmative act of intentional preservation of anonymity of User, and certain acts described herein, constitute misuse of electronic communications that entitles Plaintiff to enjoin in civil action to 'recover from the person or entity,' … 'which engaged in that violation such relief as may be appropriate.'" ECF No. 1-1 at PageID.10 (sic throughout, ellipses in original). Plaintiff appears to allege Defendants breached a duty from the statute but does not identify the behavior that lead to the breach. A pleading fails to state a

Magistrate Judge Morris also correctly dismissed Plaintiff's other claim identified in the Complaint—the claim arising under 42 U.S.C. § 1983. "The doctrine of claim preclusion . . . prohibits 'successive litigation of the very same claim' by the same parties." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). "To establish claim preclusion, the defendants need to show (1) 'a final judgment on the merits' in a prior action; (2) 'a subsequent suit between the same parties or their privies'; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015). The doctrine also bars litigation of claims that could and should have been advanced in an earlier suit. *Id.* In this case, Plaintiff references the same factual allegations in the current case as in his previous case. In fact, he articulates four identical criminal claims in both cases. If there are sufficient facts for a § 1983 claim in the current Complaint, Plaintiff should have alleged a § 1983 claim in his previous case. Therefore, his § 1983 claim is also precluded.

Even if the claim were not precluded, Plaintiff fails to state a claim under § 1983. As the Magistrate Judge explains, Plaintiff does not provide "any further explanation as to what constitutional right was violated, who violated any constitutional right or even what precisely happened." ECF No. 7 at PageID.31. "To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Sperle v. Michigan Department of Corrections*, 297 F.3d 483, 490 (6th

---

claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's assertion that Defendants "misdirected legal service to a non- responsible party" is insufficient to state a claim for relief.

Cir. 2002). Plaintiff does not identify any information sufficient to establish a § 1983 claim in his Complaint and, therefore, the claim was correctly dismissed.

Finally, Plaintiff articulates four state common law tort claims in the instant case that were not listed in his previous case: negligence per se, intentional and negligent infliction of emotional distress, and concealment. ECF No. 1-1 at PageID.11–14. While these are new claims, Magistrate Judge Morris recommended that this Court "should not exercise supplemental jurisdiction over any state law claims." ECF No. 7 at PageID.32.

Federal law provides,

> The district courts may decline to exercise supplemental jurisdiction over a claim . . . if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). This Court has dismissed the four criminal statute claims, the 18 U.S.C. § 2520 claim, and the § 1983 claim. Therefore, no claims of original jurisdiction remain, only the four state law claims. The Court declines to retain supplemental jurisdiction over four state law claims when there is no remaining federal claim in the case. To the extent that Plaintiff has articulated new claims in the underlying Complaint, as he argues in his second objection, this Court declines to exercise supplemental jurisdiction over those claims.

Therefore, Plaintiff's second objection is overruled insofar as it argues that his current Complaint presents new claims.

In his second objection, Plaintiff also argues that he was given permission to file an amended complaint in the original case. This is true. When Judge Michelson granted Plaintiff's request to proceed IFP on November 10, 2020, she also allowed Plaintiff to file an amended complaint on or before December 7, 2020. ECF No. 4 in No. 20-12921. The next day, Plaintiff

filed an addendum to his original complaint. ECF No. 5 in No. 20-12921. Despite Plaintiff's protestations that the current Complaint is a timely filed amended complaint to his original case, he was already given an opportunity to amend his complaint and did so on December 7, 2020. Plaintiff did not receive permission to file two amended complaints. Plaintiff's second objection is overruled.

In his third objection, Plaintiff argues that "[a]s the claims are not duplicative, they are not barred by res judicata." ECF No. 11 at PageID.63. As explained *supra* in response to Objection Two, Magistrate Judge Morris properly concluded that Plaintiff's claims are barred by res judicata. Objection Three will be overruled.

In his fourth objection, Plaintiff protests Magistrate Judge Morris' conclusion that his allegations fail to state a claim for relief as "an overtly false statement. Six separate civil causes of action constitute claims entitling Plaintiff to relief, as clearly stated in Amended Complaint, restated in Objection 2A, and as of yet, have not been addressed in turn." ECF No. 11 at PageID.63. As discussed in response to Objection Two, Plaintiff's allegations fail to state a claim. His fourth objection will be overruled.

Plaintiff's fifth objection repeats his second objection—that his Complaint in the current case is different from the complaint in his earlier case. ECF No. 11 at PageID.63–64. This objection was addressed in response to Objection Two and will be overruled.

In his sixth objection, Plaintiff objects to the Magistrate Judge's finding that it was unclear how Defendants' action affected Plaintiff. ECF No. 11 at PageID.64. He reiterates the factual history as follows,

> Defendants, in conveying criminal threats to Plaintiff through their internet communications platform, broke federal laws during a criminal investigation into those threats, making them principals to those crimes. Criminal violations of federal

> and state statute are stated, necessarily and only, as a basis for negligence per se, among other causes for civil action, conferring right of Plaintiff to recover damages.

*Id.* (sic throughout). While the Court appreciates Plaintiff's reiteration of the alleged facts, Plaintiff's claims will be dismissed for the reasons stated in response to Objection Two. Magistrate Judge Morris' conclusion dismissing the case was appropriate.

Plaintiff also explains that he and Defendants are residents of different states and the amount in controversy is greater than $75,000, so the Court has "jurisdiction based on diversity of citizenship." *Id.* Plaintiff correctly identifies the two requirements for diversity jurisdiction. However, Plaintiff identifies no specific evidence of the $75,000 he seeks in damages. Plaintiff cannot simply allege he has suffered $75,000 in damages without providing any evidence of the damage and expect this Court to retain jurisdiction over the state law claims under diversity jurisdiction. Plaintiff's sixth objection will be overruled.

Plaintiff's seventh objection challenges the Magistrate Judge's summary of Plaintiff's claims. ECF No. 11 at PageID.64–65. His multi-faceted objection will be overruled because the Magistrate Judge correctly concluded that Plaintiff's claims should be denied, as discussed in response to Plaintiff's second objection. Plaintiff's seventh objection will be overruled.

Plaintiff's eighth objection argues that Judge Michelson's prior ruling in Plaintiff's earlier case was incorrect. ECF No. 11 at PageID.66–67. This is not the appropriate forum for Plaintiff to object to a different judge's ruling in a separate case. His eighth objection will be overruled.

In his ninth objection, Plaintiff objects to a quote from a U.S. Supreme Court case quoted in the Report and Recommendation. ECF No. 11 at PageID.67. Plaintiff cannot object to the content of a quote from a different case. Magistrate Judge Morris accurately quoted *Denton v. Hernandez*, 504 U.S. 25 (1992), in her Report. Plaintiff's objection will be overruled.

Plaintiff's tenth objection is an objection to Magistrate Judge Morris' restatement of 27 U.S.C. § 1915 in her Report. Plaintiff argues that "[m]isleading verbiage 'frivolous or malicious' is in no way applicable to Plaintiff's claim." ECF No. 11 at PageID.67. The terms "frivolous" and "malicious" are found in the statute. This is not a colorable objection. Plaintiff's objection will be overruled.

In Plaintiff's 11th objection, he challenges the Magistrate Judge's use of the term "discrimination" when describing several of Plaintiff's claims. The term may be an inartful way to describe Plaintiff's claims, but the Magistrate Judge properly recommended dismissal of Plaintiff's claims. His eleventh objection will be overruled.

Plaintiff's 12th objection focuses on the timing of Plaintiff filing the Complaint in this case. ECF No. 11 at PageID.68. Judge Michelson granted leave for Plaintiff to file an amended complaint in *LeVay*, *supra*, on November 10, 2020. He filed a motion to amend, which included an addendum to his complaint, on November 11, 2020 in *LeVay, supra*. Plaintiff appears to believe that the underlying Complaint in this case was intended to be an amended complaint for his earlier filed case. Because Plaintiff is pro se, the Complaint could have been construed liberally to be an amended complaint for the earlier filed case. However, the underlying Complaint does not allege any viable legal claims. For the reasons articulated in response to Objection Two, the 12th objection will be overruled.

In his 13th objection, Plaintiff argues that the first prong of claim preclusion test "is not applicable" because of his eighth objection. ECF No. 11 at PageID.68–69. Plaintiff's eighth objection will be overruled, and he provides no new evidence why part of the test is inapplicable. Plaintiff's 13th objection will be overruled.

Plaintiff's 14th and 15th objections repeat the rationale of objections two through eight. ECF No. 11 at PageID.69. Objections two through eight will be overruled, as discussed above, and therefore objections 14 and 15 will be overruled.

Plaintiff's 16th objection states that the relevant constitutional right for his § 1983 claim in the Complaint is the "First Amendment Right to Petition for Redress by inducing chill-effect injury per part CIII." ECF No. 11 at PageID.69; ECF No. 1-1 at PageID.14–15. There is no First Amendment Right to Petition for Redress. Plaintiff's 16th objection will be overruled.

In his 17th objection, Plaintiff objects to the dismissal of his Complaint, stating, "Full summation, taken in whole, of rationale provided in Objections 1-16 rebuts Magistrate's premise for dismissal in its entirety." ECF No. 11 at PageID.69–70. The previous objections will be overruled and Plaintiff does not articulate a specific reason for this objection. His 17th objection will be overruled.

Plaintiff's 18th, 19th, 20th, and 21st objections refer to the Magistrate Judge's recommendation to deny supplemental jurisdiction over the state law claims. ECF No. 11 at PageID.70–71. These objections will be overruled for the reasons stated in the response to Plaintiff's second and other objections.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Objections to the Report and Recommendation, ECF No. 11, are **OVERRULED**.

It is further **ORDERED** that Plaintiff's Second Motion for Extension of Time, ECF No. 10, is **DENIED AS MOOT**.

It is further **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 7, is **ADOPTED**.

- 12 -

It is further **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**.

Dated: February 10, 2021            s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge