UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROSS D. LEVAY,

          Plaintiff,                       Case No. 1:20-cv-13146

v.                                   Honorable Thomas L. Ludington
                                     United States District Judge

DAVID MORKEN, *et al.*,

                                    Honorable Patricia T. Morris
          Defendants.             United States Magistrate Judge

_____/

**OPINION AND ORDER (1) DENYING PLAINTIFF'S TWO MOTIONS FOR RECUSAL, (2) DENYING PLAINTIFF'S MOTION TO VACATE ORDER CONSOLIDATING CASES, AND (3) DIRECTING PLAINTIFF TO SERVE DEFENDANTS**

This matter is before this Court upon Plaintiff Ross D. LeVay's two Motions to Disqualify, Motion to Vacate Order Consolidating Cases, and his complaint seeking injunctive relief under 42 U.S.C. § 1983 and impeachment of the undersigned under the Good Behavior Clause of the United States Constitution. As explained hereafter, the three Motions will be denied, and Plaintiff will be directed to serve Defendants Morken, Bandwith.com, and Bandwidth Inc.

**I.**

On November 29, 2021, Plaintiff Ross D. LeVay filed a *pro se* complaint against Defendants David Morken; Bandwidth.com CLEC., LLC; and Bandwidth Inc., alleging that Defendants failed to comply with law enforcement regarding communication assistance, 18 U.S.C. § 2522 ("CALEA"); aiding and abetting stalking, *id.* §§ 2, 2261A; interstate communication threats, *id.* § 875; malicious use of service, MICH. COMP. LAWS § 750.540e; gross negligence; intentional and negligent infliction of emotional distress; concealment; and civil-rights violations, 42 U.S.C. § 1983. ECF No. 1. He concurrently applied to proceed *in forma pauperis*. ECF No. 2.

In December 2020, the case was referred to Magistrate Judge Patricia T. Morris for all pretrial matters. ECF No. 5. The same day, Judge Morris granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 6. In January 2021, Judge Morris issued a report recommending that this Court dismiss Plaintiff's complaint *sua sponte*. ECF No. 7. Later that month, Plaintiff objected to the Report and Recommendation ("R&R"). ECF No. 11. The next month, this Court adopted the R&R, overruled Plaintiff's objections, and dismissed the case. ECF Nos. 12; 13. One month later, Plaintiff appealed the dismissal. ECF No. 14.

In November 2021, the Sixth Circuit Court of Appeals affirmed in part, vacated in part, and remanded the case regarding the dismissal of Plaintiff's CALEA and state-law claims. ECF No. 18. The Sixth Circuit explained that even though CALEA might not "provide[] a private right of action, it cannot be said that [Plaintiff's] complaint failed to allege facts that could support a [CALEA] claim." *Id.* at PageID.96. The Sixth Circuit elaborated that this Court improperly dismissed the CALEA claim because, "[]though the allegations are confusing," the complaint "lays out" "many more allegations . . . in fairly elaborate, if somewhat confounding detail." *Id.*

In other words, the Sixth Circuit held that a complaint alleging "confounding" and "confusing" facts can state a claim under a statute that might not create a private right of action if it "lays out" the facts in "fairly elaborate" detail. *See id.*; *LeVay v. Morken*, No. 21-1257 (6th Cir. Nov. 15, 2021) (unpublished).

On December 16, 2021, this Court reopened the case and referred it to Judge Morris again for general case management. ECF No. 20. Twenty days later, Judge Morris scheduled the first Rule 26(f) conference in Case No. 1:20-cv-13146. ECF No. 21. Two weeks later, Plaintiff filed a new complaint seeking injunctive relief under 42 U.S.C. § 1983 and impeachment of the undersigned under the Good Behavior Clause of the United States Constitution. *See LeVay v.*

*United States*, No. 1:22-cv-10120 (E.D. Mich. filed Jan. 20, 2022), ECF No. 1. Eleven days later, Plaintiff filed a motion to disqualify the undersigned, Judge Morris, and District Judge Laurie J. Michelson in both cases under both 28 U.S.C. § 144 and 455. *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF Nos. 22; 23; *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 31, 2022), ECF No. 5.

To address the motions, this Court vacated the order referring Case No. 1:20-cv-13146 to Judge Morris, returning the case to the undersigned. *See LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Feb. 3, 2022), ECF No. 25. Thus, the case is back before the undersigned.

Plaintiff filed a consolidated petition to the Sixth Circuit for a writ of mandamus in both of his pending cases. *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Feb. 28, 2022), ECF No. 27 *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Feb. 28, 2022), ECF No. 8. Consistent with Plaintiff's intent, this court consolidated both cases. *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Mar. 1, 2022), ECF No. 28; *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Mar. 1, 2022), ECF No. 9.

Incidentally, on March 2, 2022, this Court sent a notice to the parties regarding the consolidation of the cases, which was the first time Defendants Morken, Bandwith.com, and Bandwidth Inc. became aware of this case, because Plaintiff's *in forma pauperis* status did not require him to serve Defendants. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("Together, [Federal Rule of Civil Procedure 4(c)(2)] and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants."); *see* ECF No. 29.

**II.**

On January 31, 2022, Plaintiff filed a motion for the undersigned, District Judge Laurie Michelson, and Magistrate Judge Patricia T. Morris to recuse themselves from his case under 28 U.S.C. § 144 and 28 U.S.C. §§ 485(b)(1), (4). *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF No. 22. He concurrently filed an affidavit in both cases but did not file the motion in both cases. *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF No. 23; *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 31, 2022), ECF No. 5. Because Plaintiff is proceeding *pro se*, his Motion to Recuse will be generously construed as applying to both cases.

Specifically, Plaintiff asserts two claims against three judges. First, he alleges that the undersigned, Judge Michelson, and Judge Morris should be recused for "recommend[ing], formulat[ing], adopti[ng], and upholding of a sham 28 USC § 1915 *res judicata /claim preclusion* dismissal of [Case No. 20-13146 and originating Case No. 20-12921], predicated upon an [sic] substantial and intricate web of particularized *acts of malice*." *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF No. 22 at PageID.105. "Their combined efforts," he continues, "required misclassification of Plaintiff's Amended Complaint as duplicative original action, with probable intent, direction of, or intercession by the EDM personnel or clerical staff, but ultimately rebuked by the 6th Circuit Court of Appeals who overturned the dismissal Nov. 15, 2021." *Id.* (emphasis omitted).

In other words, Plaintiff is complaining about judicial decisions that the three judges made, which he believes were animated by 56 acts of malice. *See id.* at PageID.105 (counting 35 acts of malice from the undersigned, 11 from Judge Michelson, and 10 from Judge Morris); *see also id.* at PageID.108–23 (detailing the acts).

- 4 -

Second, Plaintiff alleges that "Ludington's, Morris's, Michelson's, as yet potentially undiagnosed *genomic psychopathy*, so presents a condition where their officiating of Case No. 22-10120 presents a 28 USC § 485(b)(4) *interest that could be substantially affected by the outcome of the proceedings*." *Id.*

In other words, Plaintiff is complaining that the three judges should be recused because he believes they were born as psychopaths, which would bias him, but they have never been diagnosed as such.

Two principal statutes govern judicial qualification: 28 U.S.C. § 144 ("Bias or prejudice of judge") and 28 U.S.C. § 455 ("Disqualification of justice, judge, or magistrate judge"). Because Plaintiff filed his Motions for Recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455(b)(1) and 28 U.S.C. § 455(b)(4), the Motions for Recusal will be analyzed under those three provisions.

### A.

By its terms, 28 U.S.C. § 144 applies to only district judges.[1] *United States v. White*, No. 1:20-CR-20416, 2022 WL 265944, at *5 (E.D. Mich. Jan. 27, 2022). Absent both an affidavit and

---

[1] In its entirety, 28 U.S.C. § 144 reads:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. *See also* Margaret M. Russell, *Beyond "Sellouts" and "Race Cards": Black Attorneys and the Straitjacket of Legal Practice*, 95 MICH. L. REV. 766, 775–79 (1997) (discussing Judge Leon Higginbotham's "brilliant disquisition" in *Pennsylvania v. Local Union 542, International Union of Operating Engineers*, 388 F. Supp. 155 (E.D. Pa. 1974), in which he

motion, there is no basis for disqualification under § 144, and no appeal based on § 144 can be heard. *See, e.g.*, *United States v. Sammons*, 918 F.2d 592, 589 (6th Cir. 1999). A valid affidavit is "a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Granada v. United States*, 51 F.3d 82, 84 (7th Cir. 1995) (citing BLACK'S LAW DICTIONARY 58 (6th ed. 1990)).

### i.

Plaintiff submitted his affidavit on January 31, 2022. *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF No. 23. Section 144 states that such an affidavit must "be accompanied by a certificate of counsel of record that it is made in good faith." 28 U.S.C. § 144.

Plaintiff's affidavit does not satisfy § 144's standard for a certificate of good faith. Plaintiff is *pro se*, so he has no attorney to certify that his affidavit is made in good faith, which § 144 seemingly requires. Although it is unclear whether *pro se* plaintiffs may sign their own affidavit for a motion to recuse, that would seem to be a manifestly unjust reason to deny a motion to recuse. Yet Plaintiff's affidavit is not notarized, violating a well-established criterion for the legal sufficiency of an affidavit. *See Granada*, 51 F.3d at 84 (indicating that an affidavit must be "notarized" before "a person having authority to administer such oath or affirmation" (citing BLACK'S LAW DICTIONARY 58 (6th ed. 1990))).

For this reason, Plaintiff's Motions to Recuse and affidavits do not warrant recusal of any of the three named judges under § 144 and will therefore be denied.

---

acknowledged "the difficulty inherent in acting as 'judge in [one's] own case' . . . as required by [§ 144]" in addressing a § 144 motion).

**ii.**

Even if Plaintiff's Motions could satisfy the standards for a sufficient affidavit and a certificate of good faith, the merits of the Motions and affidavit do not satisfy § 144. Neither the Motions nor the affidavit allege extrajudicial bias. Section 144 is limited to "personal bias or prejudice," excluding official or "judicial" bias from its scope. *Young v. Track, Inc.*, 324 F.3d 409, 422–23 (6th Cir. 2003) (holding that "recusal is also unwarranted because plaintiffs do not allege bias from extrajudicial sources").

All Plaintiff's allegations relate to judicial decisionmaking and, therefore, do not allege extrajudicial conduct. *See LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF No. 22 at PageID.108–23; *see also id.* at PageID.108–16 (listing judicial acts of the undersigned); *id.* at PageID.121–23 (same of Judge Michelson); *id.* at PageID.117–20 (same of Judge Morris).

For this reason, Plaintiff's Motions to Recuse do not warrant recusal of any of the three named judges under § 144 and will therefore be denied. Accordingly, Plaintiff's Motion will be analyzed under § 455.

**B.**

The primary source of law addressing disqualification in the federal judicial system is 28 U.S.C. § 455,[2] which subsumes 28 U.S.C. § 144. *See Liteky v. United States*, 510 U.S. 540, 548

---

[2] Subsections (a) and (b) occupy the core of § 455 and should be read together:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartially might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:

    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
    . . . .
    (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding . . . .

(1994) (stating that § 144 "seems to be properly invocable only when § 455(a) can be invoked anyway"); *see also* Melissa H. Maxman, Note, *In Defense of the Constitution's Judicial Impeachment Standard*, 86 MICH. L. REV. 420, 455 n.200 (1987) ("The purpose of recusals is to ensure defendants fair trials by enabling a potentially biased judge to not hear a case.").

**i.**

Plaintiff requests that the undersigned recuse himself and Judges Michelson and Morris. "Obviously, no one judge may, as a matter of discretion, disqualify others." *In re Virginia Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976). Accordingly, Plaintiff's Motion to Recuse will be denied as to Judge Michelson and Judge Morris.

**ii.**

A party may not withhold "a [§ 455] recusal application as a fall-back position in the event of adverse rulings on pending matters." *In re IBM Corp.*, 45 F.3d 641, 643 (2d Cir. 1995); *Polaroid Corp. v. Eastman Kodak Co.*, 867 F.2d 1415, 1418–21 (Fed. Cir. 1989); *see also Summers v. Singletary*, 199 F.3d 917, 921 (11th Cir. 1997) (same for § 455(b)(1) recusal applications); *In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1363 (8th Cir. 1996) (same). Indeed, "[t]he most egregious delay—the closest thing to per se untimeliness—occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue." *United States v. Vadner*, 160 F.3d 263, 264 (5th Cir. 1998); *accord Rabushka v. Crane Co.*, 122 F.3d 559, 566 (8th Cir. 1997); *United States v. Barrett*, 111 F.3d 947, 952 (D.C. Cir. 1997).

---

28 U.S.C. §§ 455(a), (b)(1), (4). *See, e.g.*, Christina A. Zawisza, *"MLK 50: Where Do We Go from Here?": Teaching the Memphis Civil Rights Movement Through A Therapeutic Jurisprudence Lens*, 6 BELMONT L. REV. 175, 196 (2018) (noting Judge Marion Boyd of the Western District of Tennessee's recusal under § 455(b) for "family conflicts of interest").

Plaintiff filed his Motions for Recusal a mere 46 days after this Court reopened his case and referred it to Judge Morris. *Compare LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Dec. 16, 2022), ECF No. 20, *with LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF No. 22. Yet the most recent conduct he cites for recusal occurred 13 months before he filed the Motions, when this Court dismissed his complaint on February 10, 2021. *Compare LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Feb. 10, 2021), ECF No. 12, *with LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF No. 22. Plaintiff offers no reason for filing his Motions a month-and-a-half after an adverse ruling based on alleged incidents that occurred more than a year ago.

For these reasons, Plaintiff's Motions for Recusal will be denied as untimely.

### iii.

Section 455(b)(1) requires disqualification for *actual* partiality (i.e., when a judge "has a personal bias or prejudice toward a party"). *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) ("'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases."); *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) ("In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999))); *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 164 (6th Cir. 1984) ("[B]ias sufficient to justify recusal must be a personal one and not one arising from the judge's view of the law." (collecting cases)).

Plaintiff makes no allegation that the three judges have knowledge resulting from any extrajudicial activities or exposure. Indeed, all the information known by the judges came from Plaintiff's involvement with the related cases, not from any extrajudicial or personal sources.

- 9 -

Further, Plaintiff does not "point to any specific facts [the district court] obtained from presiding over [the other cases] which would raise a question about his impartiality." *See Hartsel*, 199 F.3d at 820. Nor does Plaintiff identify any rulings or actions during his cases that indicate partiality or the use of "personal knowledge of disputed evidentiary facts" on the part of the district judge. *Jamieson*, 427 F.3d at 405.

For these reasons, Plaintiff's Motions to Recuse will be denied under 28 U.S.C. § 455(b)(1).

**iv.**

Plaintiff also argues that the three named judges should recuse themselves from his cases because they have "any other interest that could be substantially affected by the outcome of the proceeding." *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF No. 22 at PageID.105 (emphasis omitted).

Construed with the "financial interest" language in § 455(b)(4), courts have only construed the "other interest" language of § 455(b)(4) to encompass pecuniary benefits to the judges that do not fall within the definition of "financial interest" set forth in § 455(d)(4). *See, e.g.*, *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865–67 (1988); *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 354 (6th Cir. 2007) (unpublished); *Union Planters Bank v. L&J Dev. Co.*, 115 F.3d 378, 383 (6th Cir. 1997); *In re Aetna Cas. & Sur.*, 919 F.2d 1136, 1138–39 (6th Cir. 1990); *In re N.M. Nat. Gas Antitrust Litig.*, 620 F.2d 794, 795 (10th Cir. 1980) (holding that a judge who recused himself from an antitrust case alleging price-fixing by oil companies due to the risk of the case affecting his future utility bills erred as a matter of law); *In re Virginia Elec. & Power Co.*, 539 F.2d 357, 367–68 (4th Cir. 1976) (holding that a trial judge's "'bare expectancy' or chance, if you will, to get a refund [that might be ordered for certain utility customers as a result of the case]

- 10 -

constituted an 'other interest' within the meaning of § 455(b)(4)"); *cf. Hall v. City of Williamsburg*, 768 F. App'x 366, 372 (6th Cir. 2019) (unpublished) ("[R]ecusal is not automatically required when the relative is merely employed by the law firm representing a party in the proceeding.").

Plaintiff has not identified a single pecuniary interest of any of the three judges that might warrant recusal from his case. For this reason, his Motions to Recuse will be denied under 28 U.S.C. § 455(b)(4).

**v.**

Plaintiff's allegations are all based on his subjective belief that the three judge's rulings were substantively wrong.

As discussed, Plaintiff's disagreement with a court's judicial rulings does not constitute grounds for recusal. *Liteky*, 510 U.S. at 556 (finding defendant's claims inadequate, because "[t]hey all consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supported) to counsel and to witnesses"); *Nelson*, 922 F.2d at 320 ("Because [Plaintiff's] recusal claim focuses entirely on judicial matters arising from this action . . ., [he] clearly fails to meet the Sixth Circuit's 'extrajudicial' requirement.").

Similarly, Plaintiff has not demonstrated that any of the three judge's rulings were so erroneous or unsupported that they establish the impossibility of the judges' fair judgment in future proceedings. For all the reasons stated in Part II of this Opinion and Order, Plaintiff's Motions to Recuse will be denied.

**III.**

Plaintiff has filed a motion to vacate this Court's Order consolidating his cases. ECF No. 30. To that end, Plaintiff offers six arguments:

- 11 -

I. Violates the Order and Mandate of the Sixth Circuit Court of Appeals by consolidating two proceedings prior ruled separate causes of actions by separate defendants by that higher Court;

II. Absurdly under color, but stark violation, of FRCP Rule 42 (a);

III. To make issuance of relief by either unrelated party a procedural impossibility, depriving due process and right of redress;

IV. Violates federal law, made by judge barred from its issuance under 28 USC § 144;

V. Argued by that judge, in bad faith on clearly erroneous contention; and

VI. In continuation of 28 USC § 351 "conduct prejudicial to the effective and expeditious administration of the business of the courts."

ECF No. 30 at PageID.185. Each argument will be addressed in turn.

Although Plaintiff cites no legal authority empowering or requiring this Court to vacate its prior Order, it is well established that the decision to vacate an order falls within the discretion of the issuing court. *Ex parte Lange*, 85 U.S. 163, 167 (1873) ("The general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable."); *see also Bronson v. Schulten*, 104 U.S. 410, 417 (1881) ("[T]here exists in the court the authority to set aside, vacate, and modify its final judgments . . .; and this authority can neither be conferred upon nor withheld from the courts of the United States by the statutes of a State or the practice of its courts.").

Accordingly, this Court may only vacate its own judgments in "extraordinary circumstances when public interest strongly favors vacatur." *Papenfus v. Flagstar Bankcorp, Inc.*, No. CIV. 07-10925, 2008 WL 243759, at *3 (E.D. Mich. Jan. 22, 2008) ("Judicial resources are spent deciding cases. The judgments rendered by district courts are of value to the legal community and are not merely the property of private litigants.").

As explained below, Plaintiff cites no circumstances that are extraordinary or that would strongly benefit the public interest.

- 12 -

**A.**

First, Plaintiff argues that this Court's consolidation of his causes of action "violates" the part of the Sixth Circuit's order that stated: "In his appellate brief, Levay cites the First Amendment's right to petition the government for redress, but he raises that issue with regard to the district courts' dismissals of his complaints rather than as claims against the defendants. Therefore, Levay failed to state a claim under § 1983." *See LeVay v. Morken*, No. 21-1257 (6th Cir. Mar. 5, 2022), ECF No. 7-2 at PageID.5.

That language merely explains that Plaintiff did not sufficiently state a § 1983 claim. That language does not affect whether Plaintiff's § 1983 claim can be consolidated with his pending CALEA claims based on Federal Rule of Civil Procedure 42(a). Moreover, Plaintiff initially attempted to file his § 1983 claim with his other claims, which the Sixth Circuit addressed. Yet he now tries to impede judicial efficiency by arguing that this Court should separate the causes of action that he attempted to file together—albeit insufficiently. Even so, "[c]ases consolidated under Fed. R. Civ. P. 42(a) retain their separate identity." *In re Ohio Execution Protocol Litig.*, No. 2:11-CV-1016, 2017 WL 5020138, at *26 (S.D. Ohio Nov. 3, 2017) (first citing *Patton v. Aerojeet Ordnance Co.*, 765 F.2d 604 (6th Cir. 1985); and then citing 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2382), *aff'd*, 881 F.3d 447 (6th Cir. 2018)). Indeed, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496–97 (1933); *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389 (6th Cir. 1998).

For these reasons, Plaintiff's first argument fails to warrant vacatur.

- 13 -

**B.**

Second, Plaintiff argues that this Court did not properly consolidate his cases under Federal Rule of Civil Procedure 42(a). According to Plaintiff, the two cases lack "commonality in law or fact." ECF No. 30 at PageID.186 (emphasis omitted).

Plaintiff is only partly correct. Even if Plaintiff's original complaint did not share of common question of law or fact with his second complaint, which is not the case, the cases shared 56 common questions of fact as of January 31, 2022, when Plaintiff filed an identical affidavit in both cases alleging those 56 common questions of fact. Those questions of fact were the primary reason for consolidating the cases, in addition to Plaintiff titling his writ of mandamus for both cases as "consolidated." *See id.*

For these reasons, Plaintiff's second argument does not warrant vacatur.

**C.**

Plaintiff's third argument is subsumed in his second argument and fails for the same reasons. *Compare* discussion *supra* Section III.B, with ECF No. 30 at PageID.186 ("As the Defendants in both cases, and the underlying causes for civil action, are wholly unrelated, neither Defendant is responsible for the others' actions, nor can either possibly supply the respective requested relief, specified in the originating cases"). Consequently, Plaintiff's third argument does not warrant vacatur.

**D.**

Fourth, Plaintiff argues that 28 U.S.C. § 144 barred this Court from consolidating his cases. *See* ECF No. 30 at PageID.187 ("Further, Ludington's Order of Consolidation is issued in statutory violation of 28 USC § 144 that 'such judge shall proceed no furthering therein [in Case Nos. 22-

- 14 -

10120 or 20-13146],' as a 'timely and sufficient affiadavit,' [sic] of personal bias and prejudice had been filed against Ludington in both cases on January 31, 2022." (emphasis omitted)).

But a motion to vacate based purely on judicial decisionmaking does not impede the court from deciding other motions. *Palmer v. United States*, 249 F.2d 8, 9 (10th Cir. 1957) (holding that "allegations contained in petitioner's affidavit [only complaining] of adverse rulings made by the court and subjective conclusions as to the court's motives and manner in conducting the trial and subsequent proceedings. . . . do not meet the requirements of 28 U.S.C.A. § 144." (citing *Berger v. United States*, 255 U.S. 22 (1921))). *See generally Hall v. Burkett*, 391 F. Supp. 237 (W.D. Okla. 1975). As explained earlier, Plaintiff's Motions to Recuse were based purely on judicial decisionmaking or speculation.

For these reasons, Plaintiff's fourth argument does not warrant vacatur.

### E.

Fifth, Plaintiff argues that this Court consolidated his cases because he made a "bad faith error" by indicating that he wanted his cases consolidated on the cover of his writs of mandamus. *See* ECF No. 30 at PageID.186–87.

This Court did not conclude that Plaintiff was making an error. Plaintiff seemingly wanted his cases consolidated by saying so. Further, this Court consolidated the cases for several other reasons. *See* ECF No. 28 at PageID.183 ("[C]onsolidation is in the interests of efficiency and judicial economy. Consolidation will also reduce confusion, prejudice, and Plaintiff's filing fees for any future identical filings, as he is pro se."). Moreover, Plaintiff was proceeding *pro se* in one case but not in the other, an error requiring correction.

For these reasons, Plaintiff's fifth argument does not warrant vacatur.

- 15 -

**F.**

Sixth, Plaintiff argues that 28 U.S.C. § 351 precluded this Court from consolidating his case, because such consolidation "continue[d]" the undersigned's "conduct prejudicial to the effective and expeditious administration of the business of the courts." *See* ECF No. 30 at PageID.187 (quoting 28 U.S.C. § 351 (emphasis omitted)).

On the contrary, this Court's order consolidating Plaintiff's cases was issued in the interest of judicial efficiency, not to impede it. *See* ECF No. 28 at PageID.183 ("[C]onsolidation is in the interests of efficiency and judicial economy. Consolidation will also reduce confusion, prejudice, and Plaintiff's filing fees for any future identical filings, as he is pro se."). Moreover, this Court finds—and Plaintiff identifies—no legal authority indicating that § 351 precludes courts from exercising their discretion under Federal Rule of Civil Procedure 42(a) to consolidate a case.

For these reasons, Plaintiff's sixth argument does not warrant vacatur.

**V.**

Plaintiff will be directed to serve Defendants Morken, Bandwith.com, and Bandwidth Inc.

The records of his three cases suggest that Plaintiff abused his ability to proceed *in forma pauperis*. *See generally* Mary Van Vort, Note, *Controlling and Deterring Frivolous in Forma Pauperis Complaints*, 55 FORDHAM L. REV. 1165 (1987) (discussing some of the ways civil plaintiffs abuse the *in forma pauperis* statute).

Plaintiff was granted *in forma pauperis* status in the two cases he filed in 2020. *See LeVay v. Morken*, No. 1:20-cv-12921 (E.D. Mich. Nov. 10, 2020), ECF No. 4; *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Nov. 29, 2020), ECF No. 2. Plaintiff has paid the $400.00 filing fee in his third action, and he paid to serve his own summons in that case, demonstrating that he no longer

- 16 -

qualifies for *in forma pauperis* status and might not have qualified for it when he requested it. *See LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 20, 2022), ECF Nos. 1–4.

The Sixth Court directed Plaintiff to serve Defendants. *See LeVay v. Morken*, No. 21-1257 (6th Cir. Mar. 15, 2021), ECF No. 1 ("You must mail opposing counsel a copy of every document you send to the Clerk's office for filing."). Even though this case has been heard by a magistrate judge, a district judge, and three circuit judges at the Sixth Circuit Court of Appeals, Plaintiff has yet to serve Defendants Morken, Bandwith.com, or Bandwidth Inc. under Federal Rule of Civil Procedure 4. *See* ECF No. 32 at PageID.191 ("Bandwidth has no record of having been served. Bandwidth learned about the existence of this action only through a routine litigation search, and is appearing in response to the Court's order directing it to respond to Mr. Levay's motion."). That is even more worrisome because this case returned to this Court on December 7, 2021. *See* ECF No. 19. Thus, Defendants have not been served even though three months have passed since the case returned as not frivolous. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

This Court has discretion to revoke Plaintiff's *in forma pauperis* status. 18 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). Yet this Court will give Plaintiff the benefit of the doubt. *Cf. Novak v. Federspiel*, No. 1:21-CV-12008, 2021 WL 5198521, at *8 (E.D. Mich. Nov. 9, 2021).

- 17 -

Rather than have his *in forma pauperis* status revoked, Plaintiff will be directed to serve the complaint and a summons on Defendants Morken, Bandwith.com, and Bandwidth Inc.

## VI.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Recusal, *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF Nos. 22; 23, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Motion for Recusal, *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 31, 2022), ECF No. 5, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Motion to Vacate, *LeVay v. United States*, No. 1:20-cv-13146 (E.D. Mich. Mar. 5, 2022), ECF No. 30, is **DENIED**.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to serve a summons upon Defendants Morken, Bandwith.com, and Bandwidth Inc. **on before April 1, 2022**, in full compliance with the Federal Rules of Civil Procedure. Plaintiff must complete and present to the Clerk's Office for issuance, three (3) summonses for each Defendant to be served, within fourteen (14) days of this Order. If Plaintiff fails to serve the Complaint on Defendants Morken, Bandwith.com, and Bandwidth Inc. **on or before April 1, 2022**, the Complaint against them will be dismissed without prejudice. Service of the Complaint is governed by Federal Rule of Civil Procedure 4 and Michigan Court Rule 2.105. After serving the Complaint with the Summons, a completed copy of the Summons and Complaint Return of Service **must be filed with this Court** after service is complete as proof of service of process.

Dated: March 11, 2022        s/Thomas L. Ludington
                THOMAS L. LUDINGTON
                United States District Judge