UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ROSS D. LEVAY, | |
|     Plaintiff, | Case No. 1:20-cv-13146 |
| v. | Honorable Thomas L. Ludington<br>United States District Judge |
| DAVID MORKEN, *et al.*, | |
|     Defendants.<br>_____/ | Honorable Patricia T. Morris<br>United States Magistrate Judge |
| ROSS D. LEVAY | |
|     Plaintiff, | Case No. 1:22-cv-10120 |
| v. | Honorable Thomas L. Ludington<br>United States District Court |
| UNITED STATES OF AMERICA, | |
|     Defendant.<br>_____/ | Honorable Patricia T. Morris<br>United States Magistrate Judge |

**OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO EXTEND RESPONSE DEADLINE, DENYING PLAINTIFF'S MOTIONS TO STAY AND TO VACATE**

This matter is before this Court upon the Government's motion for an extension to respond to Plaintiff's complaint and Plaintiff's Motion to Vacate and two Motions to Stay. As explained hereafter, the Government's Motion will be granted, Plaintiff's Motions will be denied, and Plaintiff will be directed to show cause, on or before April 18, 2022, why he should not be sanctioned $1,000.00.

**I.**

On November 29, 2021, Plaintiff Ross D. LeVay filed a pro se complaint against Defendants David Morken; Bandwidth.com CLEC., LLC; and Bandwidth Inc., alleging that

Defendants failed to comply with law enforcement regarding communication assistance, 18 U.S.C. § 2522 ("CALEA"); aiding and abetting stalking, *id.* §§ 2, 2261A; interstate communication threats, *id.* § 875; malicious use of service, MICH. COMP. LAWS § 750.540e; gross negligence; intentional and negligent infliction of emotional distress; concealment; and civil-rights violations, 42 U.S.C. § 1983. ECF No. 1. He concurrently applied to proceed *in forma pauperis*. ECF No. 2.

In December 2020, the case was referred to Magistrate Judge Patricia T. Morris for all pretrial matters. ECF No. 5. The same day, Judge Morris granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 6. In January 2021, Judge Morris issued a report recommending that this Court dismiss Plaintiff's Complaint *sua sponte*. ECF No. 7. Later that month, Plaintiff objected to the Report and Recommendation ("R&R"). ECF No. 11. The next month, the R&R was adopted, Plaintiff's objections were overruled, and the case was dismissed. ECF Nos. 12; 13. One month later, Plaintiff appealed the dismissal. ECF No. 14.

In November 2021, the Sixth Circuit Court of Appeals affirmed in part, vacated in part, and remanded the case regarding the dismissal of Plaintiff's CALEA and state-law claims. ECF No. 18. The Sixth Circuit explained that even though CALEA might not "provide[] a private right of action, it cannot be said that [Plaintiff's] complaint failed to allege facts that could support a [CALEA] claim." *Id.* at PageID.96. The Sixth Circuit elaborated that this Court improperly dismissed the CALEA claim because, "[]though the allegations are confusing," the complaint "lays out" "many more allegations . . . in fairly elaborate, if somewhat confounding detail." *Id.*

In other words, the Sixth Circuit held that a complaint alleging "confounding" and "confusing" facts can state a claim under a statute that might not create a private right of action if it "lays out" the facts in "fairly elaborate" detail. *See id.*; *LeVay v. Morken*, No. 21-1257 (6th Cir. Nov. 15, 2021) (unpublished).

On December 16, 2021, this Court reopened the case and referred it to Judge Morris again for general case management. ECF No. 20. Twenty days later, Judge Morris scheduled the first Rule 26(f) conference in Case No. 1:20-cv-13146. ECF No. 21.

Two weeks later, Plaintiff filed a new complaint seeking injunctive relief under 42 U.S.C. § 1983 and impeachment of the undersigned under the Good Behavior Clause of the United States Constitution. *See LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. filed Jan. 20, 2022), ECF No. 1. Eleven days later, Plaintiff filed a motion to disqualify the undersigned, Judge Morris, and District Judge Laurie J. Michelson in both cases under both 28 U.S.C. § 144 and 455. *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF Nos. 22; 23; *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 31, 2022), ECF No. 5.

To address the motions, this Court vacated the Order that referred Case No. 1:20-cv-13146 to Judge Morris, returning the case to the undersigned. *See LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Feb. 3, 2022), ECF No. 25.

## II.

### A.

Defendants had not yet addressed Plaintiff's Motion to Disqualify, so Defendants in both cases were directed to respond to Plaintiff's Motion to Disqualify. *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Feb. 24, 2022), ECF No. 26; *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Feb. 24, 2022), ECF No. 7. The Order also directed the Government to respond to Plaintiff's January 20, 2022 Complaint. The Government did not respond, but it had good cause.

Under Rule 12, the Government's first responsive pleading is not due until April 8, 2022. *See* FED. R. CIV. P. 12(a)(2). Although it was directed to respond to Plaintiff's January 20, 2022 Complaint in February 2022, no attorney had filed an appearance for the Government, so the

United States Attorney's Office did not become aware of Plaintiff's case until March 22, 2022. ECF No. 35 at PageID.222–23. Two days later, the Government requested more time to respond to Plaintiff's Motion to Recuse and Plaintiff's January 22, 2022 Complaint. *See id.*

After considering the factors set forth in Federal Rule of Civil Procedure 6, the Government has demonstrated good cause for more time to respond. *See* FED. R. CIV. P. 6. But the Government does not need to respond to Plaintiff's Motion to Recuse, which has been denied. *See generally LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 766442 (E.D. Mich. Mar. 11, 2022). Accordingly, the Government will be directed to respond to Plaintiff's January 20, 2022 Complaint on or before April 8, 2022.

B.

Ten days after Plaintiff's Motions to Recuse were denied and he was directed to serve Defendants, Plaintiff filed a motion to stay his cases and, confusingly, to compel the undersigned to voluntarily submit to genomic-psychopathy testing under 28 U.S.C. § 351. *See* ECF No. 34. Nine days later, Plaintiff filed a second motion to stay his original case while this case decides the other pending motions. ECF No. 36.

Plaintiff first presented his claims against the undersigned in a civil complaint against private defendants, wherein the undersigned presided. The Sixth Circuit affirmed this Court's dismissal of those claims. *See LeVay v. Morken*, No. 21-1257 (6th Cir. Mar. 15, 2021), ECF No. 7. Unhappy with the results, Plaintiff refiled substantially similar claims in a civil complaint to remove the undersigned from the bench and to recuse three judges from his cases. He also filed two motions to recuse, which were denied because they relied on only judicial conduct. Plaintiff was declared a vexatious litigant who abused his *in forma pauperis* status but was given the benefit of the doubt. *See LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 766442, at *9 (E.D. Mich. Mar.

11, 2022). He now brings a misconduct complaint under the guise of a motion to stay concerning the same judge.

The Judicial Conduct and Disability Act defines judicial misconduct as "conduct prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 351(a). Under the *Rules for Judicial-Conduct and Judicial-Disability Proceedings*, judicial misconduct includes "conduct occurring outside the performance of official duties" that "might have a prejudicial effect on the administration of the business of the courts, including a substantial and widespread lowering of public confidence in the courts among reasonable people." Rule 3(h)(2). These standards are informed, when appropriate, by the precepts of the Code of Conduct for United States Judges, which are "in many potential applications aspirational rather than a set of disciplinary rules." Commentary on Rule 3. Under the Code of Conduct, "[t]he test for appearance of impropriety is whether the conduct would create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence is impaired." Code of Conduct for United States Judges, Commentary on Canon 2A. Further, the *Rules for Judicial-Conduct and Judicial-Disability Proceedings* seemingly requires such complaints to be filed "with the circuit clerk in the jurisdiction in which the subject judge holds office," which Plaintiff did not do. Rule 7(a)(1).

The judicial-misconduct system is not intended as a forum for disappointed litigants to continue addressing matters already decided on the merits. *See In re Charge of Jud. Misconduct*, 685 F.2d 1226, 1227 (9th Cir. 1982). Yet Plaintiff repeatedly challenges the court's rulings—just as he did in his previous motions to disqualify. Plaintiff insists that he refers to the merits only to show the judge's persistent bias through genomic psychopathy, but that is just another way of

saying the undersigned was persistently wrong. These claims will be dismissed. *In re Jud. Misconduct*, 579 F.3d 1062, 1064 (9th Cir. 2009). Likewise, Plaintiff's transparent attempt to relitigate his two disqualification motions by challenging the undersigned's failure to recuse is merits-related and must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(ii); Misconduct Rule 4(c)(1); *Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice* 146 (2006).

Plaintiff's non-merits-related claims are either frivolous or unsubstantiated. He alleges that the undersigned was biased against him by having genomic psychopathy. *See* ECF No. 33. This charge must be dismissed because Plaintiff has provided no objectively verifiable proof (e.g., names of witnesses, recorded documents, or transcripts) substantiating this allegation. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Misconduct Rule 4(c)(3). But the Complaint will not be dismissed because the Government has yet to respond to its allegations.

Sanctions will seldom be considered after a single misconduct complaint by someone who is not a lawyer, but this is not an ordinary complaint. Plaintiff appears to be using the judicial-disqualification and judicial-complaint processes as a means for achieving litigation objectives that he was unable to achieve on the merits. In light of Plaintiff's repeated and vexatious use of judicial procedures to pursue unsubstantiated, frivolous, and already-litigated claims, and because he has already been declared a vexatious litigant through his abuse of his *in forma pauperis* status. S*ee also LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 766442, at *9 (E.D. Mich. Mar. 11, 2022) (finding that Plaintiff "no longer qualifies for *in forma pauperis* status and might not have qualified for it when he requested it"); *see also In re Jud. Misconduct*, 579 F.3d 1062, 1065 (9th Cir. 2009) (citing *In re Complaint of Jud. Misconduct*, 552 F.3d 1146, 1148 (9th Cir. 2009)).

Under Rule 11, the court may *sua sponte* "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." FED. R. CIV. P. 11(c)(3). Rule 11(b) prohibits filings that are (1) "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; (3) contain "factual contentions" with no "evidentiary support" "will [not] likely have evidentiary support after a reasonable opportunity for further investigation or discovery"; and (4) providing denials of factual contentions that are not "warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." FED. R. CIV. P. 11(b).

As explained above, Plaintiff's contentions about genomic-psychopathy and frivolous filings are (1) seemingly intended to harass for an improper purpose and cause unnecessary delays; (2) not warranted by existing law; and (3) not grounded in evidentiary support and will likely not be substantiated by any amount of discovery or investigation. And the records indicate that Plaintiff is attempting to deceive the courts about his financial status to abuse the *in forma pauperis* statute. For these reasons, Plaintiff will be directed to show cause why he should not be subject to a $1,000.00 fine, and he will be directed to obtain leave before filing any further misconduct complaints. FED. R. CIV. P. 11(c)(3) and (4).

Plaintiff has also not addressed any legal authority or stay factors regarding whether the case should be stayed. And the Government has not yet responded to Plaintiff's Complaint. This Court has the inherent authority to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for

itself, for counsel and for litigants."). The exercise of such authority is within the court's discretion. *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).

After considering the four factors for a stay, *see MRP Props. Co. v. United States*, No. 1:17-CV-11174, 2022 WL 476071, at *3 (E.D. Mich. Feb. 16, 2022) (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)), Plaintiff's Motions to Stay will be denied.

**C.**

Nineteen days after this Court directed Plaintiff to serve Defendants, Plaintiff filed a motion to vacate that Order. ECF No. 36. Plaintiff provides three reasons: (1) Defendants waived service; (2) he is still proceeding *in forma pauperis* in case number 1:20-cv-13146, and good cause does not exist to direct him otherwise; and (3) he is exempt from service under 28 U.S.C. § 1915(d). *Id.* at PageID.227.

Plaintiff is incorrect on all three grounds. First, Defendants' statement that they would waive service was conditional. *See LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF No. 32 at PageID.191 ("If the Court is inclined to order that service be effected, Bandwidth's counsel will execute a waiver of service as to all Bandwidth defendants, including Bandwidth's CEO David Morken."). Although this Court directed Plaintiff to serve Defendants, Defendants did not waive service. Thus, Plaintiff's obligation to serve Defendants persists.

Second, "Plaintiff has paid the $400.00 filing fee in his third action, and he paid to serve his own summons in that case, demonstrating that he no longer qualifies for *in forma pauperis* status and might not have qualified for it when he requested it." *LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 766442, at *9 (E.D. Mich. Mar. 11, 2022) (citing *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 20, 2022), ECF Nos. 1–4). Moreover, despite the Sixth Circuit's

direction that Plaintiff must serve Defendants, Plaintiff has yet to do so. *Id.* (citing *LeVay v. Morken*, No. 21-1257 (6th Cir. Mar. 15, 2021), ECF No. 1). And Plaintiff did not show good cause for that failure as required by Rule 4(m). *See* FED. R. CIV. P. 4(m). This Court could have revoked Plaintiff's *in forma pauperis* status. 28 U.S.C. § 1915(e)(2). Instead, this Court directed Plaintiff to serve Defendants. Good cause need not exist for such an order. *See* FED. R. CIV. P. 4 advisory committee's note to 1937 adoption ("[P]roof of service as directed by order of the court is permitted."). Defendant has not cited any legal authority to the contrary. And Plaintiff requested *in forma pauperis* status from the Sixth Circuit two months after paying to file a Complaint in this Court. *Compare LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 20, 2022), ECF No. 1, *with In re Ross LeVay*, No. 22-1150, (6th Cir. Mar. 17, 2022), ECF No. 5.

Good cause exists to revoke Plaintiff's *in forma pauperis* status because (1) he is proceeding *in forma pauperis* in one case that is consolidated with a later-filed case in which he is not proceeding *in forma pauperis*; (2) he has requested *in forma pauperis status* from the Sixth Circuit a mere two months after proceeding in this Court without *in forma pauperis* status; and (3) he has filed papers opposing *every single order* issued in his cases—most providing frivolous claims and relitigating decided issues—without citing any legal authority for his arguments. Instead, this Court will direct Plaintiff to show cause why his *in forma pauperis* status should not be revoked, which in no way affects his obligation to serve Defendants by April 1, 2022.

Finally, Plaintiff's *in forma pauperis* status does not exempt him from service. Grant of leave to proceed *in forma pauperis* does not absolve a plaintiff of all financial responsibility. *Holsey v. Bass*, 519 F. Supp. 395, 406 (D. Md. 1981), *aff'd sub nom. Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). When *in forma pauperis* filings are frivolous, costs may be taxed against the nonprevailing party. *Duhart v. Carlson*, 469 F.2d 471, 478 (10th Cir. 1972), *Perkins v. Cingliano*,

- 9 -

296 F.2d 567 (4th Cir. 1961); *Marks v. Calendine*, 80 F.R.D. 24, 25 (N.D. W. Va. 1978). Due to Plaintiff's history of repetitive filings, and his demonstrated ability to pay for filings, it is appropriate to require him, not the Government, to pay for service.

For these reasons, Plaintiff's Motion to Vacate will be denied.

### III.

Accordingly, it is **ORDERED** that the Government's Motion for Extension to File Response, ECF No. 35, is **GRANTED**. The Government may respond to Plaintiff's Complaint, *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 20, 2022), ECF No. 1, **on or before April 8, 2022**.

Further, it is **ORDERED** that Plaintiff's first Motion to Stay, ECF No. 34, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's second Motion to Stay, ECF No. 37, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Motion to Vacate, ECF No. 36, is **DENIED**.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to show cause **on or before April 18, 2022**, why this Court should not sanction him for $1,000.00 for repeatedly filing frivolous motions and for abusing the *in forma pauperis* statute.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to show cause **on or before April 18, 2022**, why his *in forma pauperis* status should not be revoked.

Further it is **ORDERED** that Plaintiff is **DIRECTED** obtain leave of this Court before filing another misconduct complaint in this Court. This does not bar Plaintiff from filing such a complaint with the circuit clerk under the *Rules for Judicial-Conduct and Judicial-Disability Proceedings*.

Dated: March 30, 2022                         s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge