UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROSS D. LEVAY,

      Plaintiff,                                   Case No. 1:20-cv-13146

v.                                                 Honorable Thomas L. Ludington
                                                    United States District Judge

DAVID MORKEN, *et al.*,

                                                     Honorable Patricia T. Morris

      Defendants.                                 United States Magistrate Judge
_____/

ROSS D. LEVAY

      Plaintiff,                                     Case No. 1:22-cv-10120

v.                                                 Honorable Thomas L. Ludington
                                                  United States District Court

UNITED STATES OF AMERICA,

                                                   Honorable Patricia T. Morris

      Defendant.                                 United States Magistrate Judge
_____/

**OPINION AND ORDER (1) GRANTING GOVERNMENT'S MOTION TO DISMISS, (2) DENYING PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT, (3) DISMISSING PLAINTIFF'S FIRST COMPLAINT WITHOUT PREJUDICE, AND (4) DISMISSING PLAINTIFF'S SECOND COMPLAINT WITH PREJUDICE**

Plaintiff Ross D. LeVay is a vexatious litigant and has abused the *in forma pauperis* statute. He has filed two complaints, now consolidated. As explained hereafter, his first complaint will be dismissed without prejudice for failure to prosecute and disobeying a court order, and his second complaint will be dismissed for lack of subject-matter jurisdiction and failure to state a claim.

**I.**

**A.**

In 2017, Plaintiff filed a suit against the United States Congress and the Attorney General to compel the Government to enact legislation outlawing portions of the Qur'an and curtailing the

rights of Muslims, purportedly to prevent violence by Islamic extremists. *See Levay v. United States*, Case No. 1:17-cv-10517 (E.D. Mich. filed Feb. 17, 2017), Compl., ECF No. 1. This Court dismissed that case (1) for lack of standing because he had not been harmed by Islamic extremists, and (2) because his requested relief would violate the First Amendment's Establishment and Free Exercise clauses. *See id.*, Order, ECF No. 14. After his case was dismissed, Plaintiff filed numerous frivolous post-judgment motions. *See id.*, ECF Nos. 16, 18, 20, 22.

**B.**

On November 29, 2021, Plaintiff Ross D. LeVay filed a *pro se* complaint against Defendants David Morken; Bandwidth.com CLEC., LLC; and Bandwidth Inc., alleging that Defendants failed to comply with law enforcement regarding communication assistance, 18 U.S.C. § 2522 ("CALEA"); aiding and abetting stalking, *id.* §§ 2, 2261A; interstate communication threats, *id.* § 875; malicious use of service, MICH. COMP. LAWS § 750.540e; gross negligence; intentional and negligent infliction of emotional distress; concealment; and civil-rights violations, 42 U.S.C. § 1983. ECF No. 1. He concurrently applied to proceed *in forma pauperis*. ECF No. 2.

In December 2020, the case was referred to Magistrate Judge Patricia T. Morris for all pretrial matters. ECF No. 5. The same day, Judge Morris granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 6. In January 2021, Judge Morris issued a report recommending that this Court dismiss Plaintiff's Complaint *sua sponte*. ECF No. 7. Later that month, Plaintiff objected to the Report and Recommendation ("R&R"). ECF No. 11. The next month, the R&R was adopted, Plaintiff's objections were overruled, and the case was dismissed. ECF Nos. 12; 13. One month later, Plaintiff appealed the dismissal. ECF No. 14.

In November 2021, the Sixth Circuit Court of Appeals affirmed in part, vacated in part, and remanded the case regarding the dismissal of Plaintiff's CALEA and state-law claims. ECF

No. 18. The Sixth Circuit explained that even though CALEA might not "provide[] a private right of action, it cannot be said that [Plaintiff's] complaint failed to allege facts that could support a [CALEA] claim." *Id.* at PageID.96. The Sixth Circuit elaborated that this Court improperly dismissed the CALEA claim because, "[]though the allegations are confusing," the complaint "lays out" "many more allegations . . . in fairly elaborate, if somewhat confounding detail." *Id.*

In other words, the Sixth Circuit held that a complaint alleging "confounding" and "confusing" facts can state a claim under a statute that might not create a private right of action if it "lays out" the facts in "fairly elaborate" detail. *See id.*; *LeVay v. Morken*, No. 21-1257 (6th Cir. Nov. 15, 2021) (unpublished). Because of that ruling, this case persisted.

On December 16, 2021, this Court reopened the case and referred it to Judge Morris, again, for general case management. ECF No. 20. Twenty days later, Judge Morris scheduled the first Rule 26(f) conference in Case No. 1:20-cv-13146. ECF No. 21.

### C.

Two weeks later, Plaintiff filed a new complaint seeking injunctive relief under 42 U.S.C. § 1983 and impeachment of the undersigned under the Good Behavior Clause of the United States Constitution. *See LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. filed Jan. 20, 2022), ECF No. 1.

Eleven days later, Plaintiff filed a motion to disqualify the undersigned, Judge Morris, and District Judge Laurie J. Michelson in both cases under 28 U.S.C. § 144 and § 455. *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Jan. 31, 2022), ECF Nos. 22; 23; *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 31, 2022), ECF No. 5. To address that motion, this Court vacated the order that referred Case No. 1:20-cv-13146 to Judge Morris, returning the case to the undersigned. *See LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Feb. 3, 2022), ECF No. 25.

Plaintiff filed a consolidated petition to the Sixth Circuit for a writ of mandamus in both of his pending cases. *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Feb. 28, 2022), ECF No. 27 *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Feb. 28, 2022), ECF No. 8. Consistent with Plaintiff's intent, this court consolidated both cases. *LeVay v. Morken*, No. 1:20-cv-13146 (E.D. Mich. Mar. 1, 2022), ECF No. 28; *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Mar. 1, 2022), ECF No. 9.

Plaintiffs' Motions to Disqualify were denied, and he was directed to serve a summons on the private Defendants on or before April 1, 2022. *See generally LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 766442 (E.D. Mich. Mar. 11, 2022).

**D.**

Ten days after Plaintiff's Motions to Disqualify were denied and he was directed to serve Defendants, Plaintiff filed a motion to stay both cases and, confusingly, to compel the undersigned to voluntarily submit to genomic-psychopathy testing under 28 U.S.C. § 351. *See* ECF No. 34.

Nine days later, Plaintiff filed a second motion to stay his original case while this Court decided pending motions in the other case. ECF No. 37. Although submitted under the guise of a motion to stay, really, Plaintiff's new motion merely relitigated the arguments that he made in his complaints and his motions to recuse. This Court found that "Plaintiff's non-merits-related claims [were] either frivolous or unsubstantiated," and that Plaintiff was a vexatious litigant who had abused the *in forma pauperis* statute. *LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 982360, at *3 (E.D. Mich. Mar. 30, 2022).

Plaintiff's second Motion to Stay was denied, and he was directed to show cause, on or before April 8, 2022, why he should not be sanctioned under Rule 11 to pay $1,000.00. *Id.* Plaintiff

has not yet followed that Order. Yet Plaintiff will not be directed to pay $1,000.00 because both of his cases will be dismissed, as explained hereafter.

## II.

On March 2, 2022, this Court sent a notice to the parties regarding the consolidation of the cases, which was the first time that private Defendants Morken, Bandwith.com, and Bandwidth Inc. became aware of this case because Plaintiff's *in forma pauperis* status did not require him to serve Defendants. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[O]fficers of the court 'shall issue and serve all process' when a plaintiff is proceeding in forma pauperis." (quoting 28 U.S.C. § 1915(c))); *see* ECF No. 29.

On March 11, 2022, rather than dismiss his case or revoke his *in forma pauperis* status, this Court directed Plaintiff to serve Defendants because he improperly obtained *in forma pauperis* status and did not follow the Sixth Circuit's order to serve Defendants. *LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 766442, at *9 (E.D. Mich. Mar. 11, 2022); *see also LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 982360, at *4 (E.D. Mich. Mar. 30, 2022) (listing the three reasons that "[g]ood causes exist[ed] to revoke Plaintiff's *in forma pauperis* status").

Plaintiff was directed "to serve a summons upon Defendants Morken, Bandwidth.com, and Bandwidth Inc. on before April 1, 2022, in full compliance with the Federal Rules of Civil Procedure." *LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 766442, at *9 (E.D. Mich. Mar. 11, 2022) (emphasis omitted).

Plaintiff was warned that his first case would be dismissed if he did not serve a summons on Defendants. *LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 766442, at *9 (E.D. Mich. Mar. 11, 2022) ("If Plaintiff fails to serve the Complaint on Defendants Morken, Bandwidth.com, and

Bandwidth Inc. **on or before April 1, 2022**, the Complaint against them will be dismissed without prejudice.").

Plaintiff neither followed this Court's Order nor served private Defendants Morken, Bandwidth.com, and Bandwidth Inc as directed. Instead, he filed an interlocutory appeal of the Show-Cause Order on the docket the day before his deadline. *See* ECF No. 41. And two weeks later, he responded to the Government's Motion to Dismiss in the second case. ECF No. 43.

In short, Plaintiff (1) intentionally disobeyed this Court's Orders to show cause and to serve Defendants, which (2) prejudiced Defendants, and (3) he was warned about possible sanctions, after which (4) less drastic sanctions were considered. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Plaintiff's Complaint in Case No. 1:20-cv-13146 will be dismissed without prejudice for failure to follow a court order, FED. R. CIV. P. 41(b), and for failure to prosecute, FED. R. CIV. P. 4(m). *See Reynero v. FSST Fin. Servs.*, No. 18-12054, 2018 WL 7075593, at *1 (E.D. Mich. Dec. 12, 2018).

### III.

The Government filed a motion to dismiss Plaintiff's second case: Case No. 1:22-cv-10120. *See* ECF No. 40. Plaintiff responded six days later. ECF No. 43. The Government's Motion will be granted, and Plaintiff's Case No. 1:22-cv-10120 will be dismissed with prejudice.

### A.

In January 2022, Plaintiff sued the United States under 42 U.S.C. § 1983 seeking an injunction that would require the Government to screen the numerous judges in the Eastern District of Michigan for "genomic psychopathy." *Levay v. United States*, Case No. 1:22-cv-10120 (E.D.

Mich. Jan. 20, 2022), Compl., ECF No. 1. Plaintiff alleges that the Good Behavior Clause in Article III of the Constitution and 42 U.S.C. § 1983 grant this Court jurisdiction to grant such relief. *Id.*

Plaintiff's suit lacks jurisdiction and fails to state a claim. Accordingly, Plaintiff's Complaint will be dismissed with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**B.**

"A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis," while "[a] factual attack challenges the factual existence of subject matter jurisdiction." *Id.* "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.* "Plaintiff bears the burden of establishing that subject matter jurisdiction exists." *Id.*

To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain[ ] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). But

"pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009).

### C.

Plaintiff's claims lack jurisdiction and do not state an actionable claim. First, the Good Behavior Clause grants Congress the exclusive right to institute impeachment proceedings against a federal judge and, therefore, does not grant Plaintiff jurisdiction for his claims. Second, 42 U.S.C. § 1983 does not provide jurisdiction for Plaintiff's claims because it does not apply to the federal government, its agencies, or its employees. Third, there are no alternative bases for subject-matter jurisdiction in this case.

### 1.

The Good Behavior Clause does not provide jurisdiction for Plaintiff's claims.

Article III of the Constitution states that "[t]he Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office." U.S. CONST. ART. III, § 1.

Federal judges who do not demonstrate "good behavior" may only be removed by impeachment, and the Supreme Court has held that the Constitution granted the Senate exclusive authority to determine the procedure for impeaching a federal judge. *Nixon v. United States*, 506 U.S. 224, 229 (1993); *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 16 (1955) ("These courts are presided over by judges appointed for life, subject only to removal by impeachment.").

As a result, the Good Behavior Clause does not create a private cause of action against judges or grant federal courts jurisdiction over such claims. *See id.*; *Smith v. Scalia*, 44 F. Supp. 3d 28, 43 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015) ("[T]he

courts that previously considered this issue also concluded that there is no private right of action to seek removal of a sitting federal judge.").

The principles underlying the doctrine of absolute judicial immunity support this conclusion. Under that doctrine, "[j]udges are generally absolutely immune from civil suits for money damages," because "the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *DePiero v. City of Macedonia*, 180 F.3d 770, 783–84 (6th Cir. 1999). Plaintiff seeks to impose a host of rules governing judicial conduct and qualifications on the federal judiciary. Allowing private citizens to sue the United States under the Good Behavior Clause to impose such rules would cause an equal impediment to the judiciary's impartial exercise of judgment as allowing civil suits for money damages. Therefore, suits like Plaintiff's should be barred for the same reasons underlying the doctrine of absolute judicial immunity.

**2.**

Section 1983 does not provide jurisdiction for Plaintiff's claims. Under 42 U.S.C. § 1983, a person may be liable for civil money damages for violating a person's constitutional rights while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. But § 1983 does not apply to the Federal Government or its agencies because they act "under color of federal, and not state, law." *Ana Leon T. v. Fed. Rsrv. Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987); *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016) ("However, as a general matter, '[t]he federal government and its officials are not subject to suit under [§ 1983]'"); *Earle v. Shreves*, 990 F.3d 774, 777 (4th Cir. 2021) ("But § 1983 does not provide a cause of action against federal officials, and there is no analogous statute

imposing damages liability on federal officials."). Therefore, § 1983 does not provide jurisdiction for Plaintiff's suit.

**3.**

No alternative sources could provide jurisdiction for Plaintiff's suit.

The federal counterpart to § 1983 is a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *See Vector Rsch., Inc. v. Howard & Howard Att'ys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996) (citing *Bivens*). "In *Bivens*, the Supreme Court held that when 'a federal agent acting under color of his authority' violates the Constitution, the agent's victim may recover damages against the agent." *Id.*

But *Bivens* is a narrow remedy and does not provide Plaintiff with a cause of action in this case.

First, the United States is not a proper defendant under *Bivens*. Plaintiff's suit is only directed against the "United States." *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 20, 2022), ECF No. 1 at PageID.3. But *Bivens* claims must be asserted against individual federal officials in their individual capacities. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("With respect to the alleged constitutional deprivation, his only remedy lies against the individual."). For that reason, courts lack jurisdiction to hear *Bivens* claims against the Federal Government, federal agencies, or federal officials in their official capacities. *See id.*; *Ashcroft*, 556 U.S. at 675–76 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself. We

therefore hold that Meyer had no *Bivens* cause of action for damages against FSLIC."). Plaintiff has not sued any federal officials in their individual capacities in this case.

Second, Plaintiff's requested relief is not available under *Bivens*. Plaintiff seeks an order requiring "several injunctive steps" to ensure that "the officiating judge and opposing United States attorney is neurotypical [i.e., non-psychopathic]." *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 20, 2022), ECF No. 1 at PageID.3. But *Bivens* was not intended to provide plaintiffs a path to challenge federal policies or the actions of federal agencies, and it does not allow a plaintiff to obtain an injunction against the Government. *See Corr. Servs. Corp.*, 534 U.S. at 71 ("If deterring the conduct of a policymaking entity was the purpose of *Bivens*, then Meyer would have implied a damages remedy against the Federal Deposit Insurance Corporation."). The only remedy available under *Bivens* is money damages from an individual federal employee. *See Bivens*, 403 U.S. 388, 397 (1971) ("[W]e hold that petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment."). Plaintiff has not sued any federal employees in this case.

Third, Plaintiff's suit is beyond the scope of *Bivens*. The basis for Plaintiff's suit is an extraordinarily novel argument that "[t]he United States citizenry has a Constitutional Right to bar the psychopath from the Judiciary by the Article III 'Good Behaviour' Clause." *LeVay v. United States*, No. 1:22-cv-10120 (E.D. Mich. Jan. 20, 2022), ECF No. 1 at PageID.2 (emphasis omitted). However, the Supreme Court has rejected attempts to expand Bivens to recognize new claims, in general, but especially when there are alternative available remedies. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1858, 1865 (2017); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 742–43 (2020) ("And for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*."). Here, Plaintiff has several alternative paths to pursue his grievance against the Judiciary.

For instance, under the Federal Advisory Committee Act, 5 U.S.C., app. § 2, people may submit suggestions for changes to the Federal Rules by sending them to the Committee on Rules of Practice and Procedure at:

> Administrative Office of the United States Courts
> Committee on Rules of Practice and Procedure
> c/o Rules Committee Staff
> One Columbus Circle, NE
> Washington, D.C. 20544.

The Federal Rules Advisory Committee reviews such suggestions and, if meritorious, may hold hearings on the proposed changes and accept public comment. *See id.* Similarly, the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351–364, provides a procedure for objecting to the conduct of a federal judge, and this Court employs an ombudsman who hears objections to judicial conduct. Because Plaintiff may pursue these alternative avenues, Supreme Court precedent dictates that this Court should not recognize Plaintiff's claims under *Bivens*. *Ziglar*, 137 S. Ct. at 1858, 1865; *Hernandez*, 140 S. Ct. at 742–43.

Finally, though Plaintiff does not plead his claim under the Administrative Procedures Act (APA) or the Mandamus Act, his claim would fail under those statutes as well, even if he had asserted such a claim. Congress enacted the APA and the Mandamus Act to provide limited waivers of the Government's sovereign immunity for suits seeking injunctive relief against federal agencies or officers when the plaintiff has no other means of seeking relief and the agency or official has acted "arbitrarily, capriciously[,]" or without any reasonable basis in fact or law. *See* 5 U.S.C. § 702 *et seq.*; *id.* § 706(2)(A) (limiting APA relief to cases in which agency action was "arbitrary, capricious"); 28 U.S.C. § 1361; *BP Care, Inc. v. Thompson*, 398 F.3d 503, 514–15 (6th Cir. 2005) ("In order to justify mandamus jurisdiction, a plaintiff must show it has exhausted all other avenues of relief, and that the defendant owes the plaintiff a 'clear nondiscretionary duty.'"

(quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984))); *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997) ("[U]nder the APA, a federal district court may only review '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court.'" (quoting 5 U.S.C. § 704)). Here, as described above, Plaintiff possesses several alternative avenues to pursue his goal of implementing a "genomic psychopathic" test in the judiciary; therefore, neither the APA nor the Mandamus Act would grant jurisdiction for his claims in this case, even if he had invoked them.

**D.**

Plaintiff's response heavily relies on contextomy and confusingly conflates several statutes. *See generally* ECF No. 43.

Plaintiff first asserts that 28 U.S.C. § 1331 confers federal subject-matter jurisdiction for claims brought under the APA and the Mandamus Act to compel screening of judges under 28 U.S.C. § 351. *Id.* at PageID.270. Even if true, Plaintiff did not bring a claim under the APA or the Mandamus Act.

Plaintiff next "gratefully accepts and concedes to all Defendant's suggestions of '*alternative avenues to [] implementing a "genomic psychopathy" test in the judiciary*,' within section III. of Defendant United States' Motion to Dismiss." *Id.* Although not clearly substantive, that statement seemingly indicates that Plaintiff accepts the above-mentioned analyses that his claims are not cognizable as currently pled. *See* discussions *supra* Sections III.A, III.B, III.C. Indeed, he adds that "instead of dismissal, Plaintiff respectfully requests Defendant amend their relief or stipulate to a stay in proceedings." *Id.* at PageID.271. Plaintiff has already filed two motions to stay, both of which were denied; a third motion to stay would be no more successful.

*See generally LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 982360, at *1 (E.D. Mich. Mar. 30, 2022).

In addition to requesting a stay and conceding that his claims lack jurisdiction and are not cognizable, Plaintiff has informally "request[ed] Defendant's leave to amend Case No. 22-cv-10120 Complaint to cure potential defects." ECF No. 43 at PageID.271. That argument does not preclude dismissal, as the Government has not acquiesced to Plaintiff's request. *see* Fed. R. Civ. P. 15(a)(2).

Finally, on April 15, 2022, Plaintiff filed a motion for a more definite statement or summary judgment. ECF No. 44. That Motion "moves the Defendant to provide any valid counterargument to [his requested] injunctive relief." *Id.* at PageID.275. As Plaintiff acknowledged, he "received no response from the Defendant" for his request. *Id.* Moreover, as explained above, there can be no dispute that Plaintiff has pled only frivolous claims.

For those reasons, the Government's Motion to Dismiss will be granted, and Plaintiff's Motion for More Definite Statement will be denied. Consequently, both of Plaintiff's Complaint will be dismissed.

### III.

Accordingly, it is **ORDERED** that the Government's Motion to Dismiss, ECF No. 40, in Case No. 1:20-cv-13146 is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Motion for More Definite Statement, ECF No. 44, in Case No. 1:20-cv-13146 is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, in Case No. 1:20-cv-13146 is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, in Case No. 1:22-cv-10120 is **DISMISSED WITH PREJUDICE**.

Dated: April 18, 2022                                  s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge